# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| CLAIMSOLUTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-00770-CV-RK |
| | ) | |
| US INSURANCE CLAIM | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant US Insurance Claim Solutions, Inc. ("Defendant")'s Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) ("the Motion"). (Doc. 9.) The Motion is fully briefed. (Docs. 9-1, 12, 13.) After careful consideration and for the reasons below, the Motion is **GRANTED**, and this case is **DISMISSED without prejudice**.

## Background

The Complaint provides the following allegations. ClaimSolution, Inc. ("Plaintiff") is a Missouri corporation. Plaintiff provides insurance claims processing and administration services in connection with both commercial and personal lines of business. (Doc. 1.) Plaintiff also offers adjusting and appraisal services for insurance companies. Plaintiff is the owner of the trademark registration for "CLAIMSOLUTION" issued by the United States Patent and Trademark Office on October 30, 2007, Registration No. 3,324,297. Plaintiff has registered the internet domain name "www.claimsolution.com" and uses this website to market, advertise, and promote its services.

Defendant is incorporated in and maintains its principal place of business in California. Defendant assists insured individuals and companies with processing claims in their respective insurance company. Defendant markets, advertises, and promotes itself to the public as "US Claim Solutions." Defendant has registered the internet domain name "www.claimsolutions.net" and uses the website to market, advertise, and promote its services.

Defendant "currently and continuously uses the trademark CLAIMSOLUTION in association with the registered goods and services in nationwide commerce and claims an actionable and protectable interest in the trademark." (Doc. 1, ¶ 10.) "US Claim Solutions is

1

confusingly similar to CS's [Plaintiff] registered trademark CLAIMSOLUTION.'" (Doc. 1, ¶ 17.) "The similarity has and will cause market confusion." (Doc. 1, ¶ 18.) On December 17, 2017, Plaintiff sent a letter to Defendant notifying Defendant that it was infringing on Plaintiff's registered trademark and demanded that Defendant cease any further use of the registered trademark. Defendant continues to use "US Claim Solutions" in connection with its business and has continued to market and promote its services through its website. Plaintiff alleges the goodwill and reputation of Plaintiff's business in connection with the CLAIMSOLUTION trademark is of significant value, and Plaintiff will suffer irreparable injury should Defendant's infringement continue. Plaintiff's Complaint alleges the following causes of action: trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(A); common law trademark infringement and unfair competition; and cybersquatting pursuant to 15 U.S.C. § 1125(D).

Plaintiff asserts this Court has personal jurisdiction over Defendant because: (1) "Defendant has engaged in acts or omissions within the State causing injury, has engaged in acts or omissions outside this State resulting in injury within this State," and (2) Defendant "has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction."
(Doc. 1.)

## Legal Standard

### I. Fed. R. Civ. P. 12(b)(2)

At issue in the Motion is whether this Court has personal jurisdiction over Defendant. To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must allege "sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008). "[T]he party asserting [personal] jurisdiction bears the burden of establishing a prima facie case." *Id.* A complaint will be factually deficient if it does not allege sufficient facts upon which jurisdiction can rest. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004). In ruling on a motion to dismiss for lack of personal jurisdiction, the court must view the allegations in the complaint in the light most favorable to the plaintiff. *Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd.*, 127 F. Supp. 3d 1020, 1025 (E.D. Mo. Aug. 31, 2015).

There are two types of personal jurisdiction, specific and general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).[1] General jurisdiction refers to a court's authority over a defendant where the case before the court is unrelated to the defendant's forum activities. *Id.* at 127. To be subject to general jurisdiction, a corporation's affiliations with the forum state must be "so constant and pervasive 'as to render [it] essential[ly] at home'" in that state. *Id*. "[W]hen 'a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continues,' are extraordinarily unlikely to add up to an 'exceptional case.'" *State ex rel. Norfolk Southern Railway Company v. Dolan*, 512 S.W.3d 41, 48 (Mo. banc 2017) (quoting *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2nd Cir. 2016)).[2]

Specific jurisdiction over a nonresident defendant exists if the defendant "has purposefully directed [its] activities at [forum state] residents in a suit that arises out of or relates to these activities." *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010) (quotation marks and citations omitted). "A federal court may assume jurisdiction over a nonresident defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause of the Constitution." *Clockwork IP, LLC*, 127 F. Supp. 3d at 1025 (citing *Dakota Industries, Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir. 1994)). Missouri's long-arm statute provides,

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of such acts: (1) The transaction of any business within this state; (2) The making of any contract within this state; (3) The commission of a tortious act within the state; (4) The ownership, use or possession of any real estate in this state . . . Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

RSMo. § 506.500.

---

[1] The parties do not dispute that the Court has subject matter jurisdiction over this case.

[2] "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Eskenazi v. Rural Cmty. Hosps. of Am., LLC*, 2018 U.S. Dist. LEXIS 206859, at *5 (W.D. Mo. Dec. 7, 2018) (citation omitted). *See also Harrison v. GM Co.*, 2018 U.S. Dist. LEXIS 214041, at *4 (W.D. Mo. Dec. 20, 2018) (citation omitted) ("[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons").

## Discussion[3]

### I. General Jurisdiction

This Court does not have general jurisdiction over Defendant in Missouri. Defendant is neither incorporated in nor maintains its principal place of business in Missouri. The Complaint does not allege facts that could establish that this is "an exceptional case" that would make Defendant subject to general jurisdiction in Missouri. *See Norfolk Southern Railway Company*, 512 S.W.3d at 48. Accordingly, Defendant is not subject to general jurisdiction in Missouri. *See Marty v. Dave's Wholesale Fireworks*, 2019 U.S. Dist. LEXIS 25880, at *4 (E.D. Mo. Feb. 19, 2019) (the court did not exercise general jurisdiction over the defendant corporation because the defendant corporation was not incorporated in or had its principal place of business in Missouri).

### II. Specific Jurisdiction

#### A. Missouri Long-Arm Statute

Plaintiff argues Defendant is subject to personal jurisdiction pursuant to the long-arm statute because Defendant engaged in extraterritorial tortious conduct in the form of trademark infringement, unfair competition, and cybersquatting, all of which resulted in injuries to Plaintiff in Missouri. Plaintiff alleges these tortious acts were completed through Defendant's website and Defendant's general infringement on Plaintiff's trademark.

"Section 506.500.1(3) confers jurisdiction over nonresidents who commit tortious acts within the state of Missouri." *Peabody Holding Co. v. Costain Group PLC*, 808 F. Supp. 1425, 1433 (E.D. Mo. Dec. 11, 1992). To establish that specific personal jurisdiction is authorized under the "tortious conduct" provision of the long-arm statute, "[p]laintiffs must show that defendant

---

[3] Defendant supports the Motion with an affidavit from Defendant's President, Greg Church. (Doc. 9-1.) Plaintiff argues that, due to the inclusion of this affidavit, the Motion should be treated as a motion for summary judgment or the Court should exclude the affidavit from consideration. Rule 12(d) states, "[i]f on a motion for under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not exclude by the court, the motion must be treated as one for summary judgment." However, Rule 12(b) does not apply to Rule 12(b)(2) motions, and therefore, it does not bar consideration of the affidavit or transform the Motion into a summary judgment motion. *See Attwell v. LaSalle National Bank*, 607 F.2d 1157, 1161 (5th Cir. 1979) (the language of Rule 12, on conversion of motions, is very express in limiting its application to 12(b)(6) motions, and a court may consider affidavits for purposes of resolving jurisdictional disputes); *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 n.3 (Mo. banc 1997) (consideration of affidavits supporting a motion to dismiss for lack of personal jurisdiction is proper and does not serve to convert the motion to dismiss into a motion for summary judgment). Accordingly, the Court will consider the affidavit, and this consideration will not transform the Motion into a motion for summary judgment.

committed a tort in Missouri, [and] that the action caused the plaintiff's injury." *Bennett v. Rapid Am. Corp.*, 816 S.W.2d 677, 678 (Mo. banc 1991) (citing RSMo. § 506.500).

First, Plaintiff argues Defendant's trademark infringement occurred outside Missouri, but because its injuries were felt in Missouri, personal jurisdiction is proper pursuant to the long-arm statute. "A plaintiff may not invoke tortious long-arm jurisdiction consistent with due process where the non-resident defendant had no contact with Missouri besides the extraterritorial acts having consequences in Missouri." *Peabody Holding Co. Inc.*, 808 F. Supp. at 1437. "Instead, Plaintiffs must present some evidence that Defendant had other contacts with Missouri, and intentionally aimed their tortious activities at Missouri so their effect would be felt here." *Clockwork IP, LLC*, 127 F. Supp. 3d at 1027.

Here, Plaintiff does not provide any factual support as to how Defendant's alleged extraterritorial torts subject Defendant to the Missouri long-arm statute. The Complaint alleges, "[t]he Court has personal jurisdiction over Defendant because . . . Defendant has engaged in acts or omissions outside this State resulting in injury within this State and has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction." (Doc. 1, ¶ 4.) The Complaint's bare, conclusory allegations are insufficient to subject Defendant to the long-arm statute. Accordingly, in construing all doubts in favor of Plaintiff, Plaintiff has not met its burden to show this Court has personal jurisdiction over Defendant pursuant to the long-arm statute.

Next, Plaintiff argues the Court has specific jurisdiction over Defendant because Defendant's website infringes on Plaintiff's trademark. A party cannot establish specific jurisdiction using a website that simply provides information. *Johnson*, 614 F.3d at 796. *See also Sheely v. Gear/Tronics Indus., Inc.*, 2015 U.S. Dist. LEXIS 109374, at *11 (E.D. Mo. Aug. 19, 2015) (maintenance of a general information with minimal sales from the website is insufficient to exercise personal jurisdiction over a non-resident defendant"); *Marty*, 2019 U.S. Dist. LEXIS 25880, at *21 ("although Black Cat's website was accessible by Missouri residents, it was not targeted at Missouri residents and Black Cat did nothing more than publish information that was equally as available to individuals in each of the other 49 states as it was to residents of Missouri") (internal quotation marks omitted).

The Supreme Court of Missouri addressed this issue recently in *McShane*. *State ex rel. PPG Industries, Inc. v. McShane*, 560 S.W.3d 888, 891 (Mo. banc 2018) (citation omitted). In

*McShane*, like in our case, the suit involves an out-of-state defendant and its only ties to Missouri were representations made on its website. *Id.* at 891. The representations on the website were not directed at Missouri consumers. *Id.* The plaintiff in *McShane* argues the injuries were felt by the plaintiff in Missouri, were relied upon by the plaintiff in Missouri, and caused injuries to the plaintiff in Missouri. *Id.* at 892. The *McShane* Court held the website, without more, was insufficient to confer personal jurisdiction over the defendant in Missouri. *Id.*

Like *McShane*, here, Plaintiff does not allege or argue that Defendant's website targets Missouri business or specifically solicits web traffic from Missouri. Plaintiff does not allege or argue that Defendant has contacted or interacted with any Missouri business through its website. The website is a passive informational vehicle for clients to learn about Defendant's services and encourages potential clients to contact Mr. Church personally to initiate a transaction. The website has never been used to complete or facilitate any transaction in Missouri. A very small percentage of overall sales is attributable to visitors of the website; the majority of Defendant's sales are the result of Mr. Church's personal network. Defendant's website provides general information equally available in all fifty states, and Defendant derives minimal revenue from its website. Accordingly, Defendant's contacts with Missouri as a result of its website are insufficient, without more, to subject Defendant to the long-arm statute.

### B. Due Process

Because Defendant's conduct does not fall within Missouri's long-arm statute, this Court does not have personal jurisdiction over Defendant and does not need to address the due process prong of the two-part test. *See McShane*, 560 S.W. 3d at 893 (if the defendant's conduct does not fall within Missouri's long-arm statute, the Court does not have personal jurisdiction over the nonresident defendant).

### III. Plaintiff's Request for Jurisdictional Discovery

In the suggestions in opposition, Plaintiff requests leave to complete jurisdictional discovery if the Court finds personal jurisdiction over Defendant is lacking. Specifically, Plaintiff requests "[d]iscovery into the ownership of the website and the extent of services Defendant performs in the State of Missouri." (Doc. 12.) Defendant does not address this request.

"Jurisdictional discovery is appropriate where the existing record is inadequate to support personal jurisdiction, but the plaintiff demonstrates that it can supplement its jurisdictional allegations through discovery." *1st Technology, LLC v. Digital Gaming Solutions S.A.*, 2008 WL

4790347, at *6 (E.D. Mo. Oct. 31, 2008). "Jurisdictional discovery is also appropriate where the parties dispute the relevant facts surrounding the jurisdictional issue, or where the parties have not made a satisfactory showing of the relevant facts." *Id.* "Jurisdictional discovery is inappropriate when the plaintiff pushes for jurisdiction based only on bare assertions." *Id.* "Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of the complaint, the Court need not permit even limited discovery." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (internal quotation marks and citation omitted). "[W]hen a plaintiff offers only speculation or conclusory assertion about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Dever*, 380 F.3d at 1074 n.1 (internal quotation marks and citation omitted).

Here, Plaintiff's Complaint provides only the following bare conclusory allegations that personal jurisdiction exists:.

> The Court has personal jurisdiction over Defendant because Defendant has engaged in acts or omissions within the State causing injury, has engaged in acts or omissions outside this State resulting in injury within this State and has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction. Defendant offers [its] services across 50 states, including within the state of Missouri.

(Doc. 1, ¶ 4.) Further, Plaintiff has not shown how jurisdictional discovery would supplement Plaintiff's jurisdictional allegations. Without more, jurisdictional discovery is inappropriate. *See Clockwork IP, LLC*, 127 F. Supp. 3d at 1030 ("[n]umerous cases hold that district courts have the discretion to deny jurisdictional discovery when, as here, the complaint fails to make a prima facie case of personal jurisdiction"); *Viasystems, Inc. v. EMB-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011) (the court found the plaintiff's allegations that additional discovery would produce facts indicating the court held jurisdiction over the defendant was entirely speculative, so jurisdictional discovery was denied).

## Conclusion

After careful consideration, the Motion (Doc. 9) is **GRANTED**, Plaintiff's request for jurisdictional discovery is **DENIED**, and this case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 30, 2019